UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **VERNON LEE DINE** | **CASE NO. 2:21-CV-01620** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COMMISSIONER OF SOCIAL SECURITY** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND JUDGMENT

Claimant Vernon Lee Dine has appealed the denial of his claim for Social Security disability income benefits ("DIB"). The Magistrate Judge has issued a Report and Recommendation ("R&R") (Doc. 11), wherein he finds that although Dine has not shown that the Administrative Law Judge erred in finding he was not disabled through the date of his opinion, Dine became disabled under Rule 202.02[1] when he turned 55 (while still insured). Consequently, the Magistrate Judge recommends that the final decision of the Commissioner of Social Security (the "Commissioner") be vacated, granting Dine's appeal in part, and remanding the case to the Commissioner for an award and computation of DIB from July 4, 2022.

The Commissioner objects to the R&R to the extent that it recommends an award of benefits as of a date that is outside the period addressed in the hearing decision under

---

[1] The Medical-Vocational Guidelines direct a conclusion that Dine was "disabled" as of July 4, 2022. See *Giles R. v. Kijakazi*, 2021 WL 4502842, at *10 (S.D. Tex. 2021) (citing *Garrison v. Colvin*, 759 F.3d 995, 1023 (9th Cir. 2014) ("The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment... reversing the decision of the commissioner of Social Security, with or without remanding the cause for a rehearing.' 402 U.S.C. § 405(g). A court may also issue a final judgment that a claimant is 'entitled to any payment or payments under this subchapter.' 42 U.S.C. § 405(i)").

review by the Court. The Plaintiff, through counsel objects to the Magistrate Judge's finding that the ALJ did not err in finding that Dine was not disabled through the date of his opinion.

To be clear, the Magistrate Judge found that "substantial evidenced supports the ALJ's/Commissioner's finding that Dine had the physical and mental residual functional capacity to perform a limited range of light work from February 12, 2019, to November 25, 2020."[2] The Magistrate Judge concluded that substantial evidence supported the Commissioner's decision that Plaintiff was not disabled through the date of the November 25, 2020, hearing decision.[3] The Court agrees that the ALJ adequately support his findings as to Dine's physical and mental residual capacity.

As previously noted, the Commissioner complains that the R&R goes beyond the scope of review of § 405(g) review by addressing Dine's disability status after the time period adjudicated in the hearing decision at issue before the Court by recommending that the Court award benefits as of Dine's 55th birthday, which is approximately one and one-half years after the November 2020 hearing decision.[4] Thus, the Commissioner asks the Court to reject the Magistrate Judge's ruling insofar as it awards Dine DIB benefits as of his 55th birthday, and/or as of July 4, 2022.

The Commissioner cites cases that involve whether the Court can evaluate medical evidence and make disability findings. See *Johnson v. Heckler*, 767 F.2d 180 (5th Cir. August 5, 1985); *Haywood v. Sullivan*, 888 F.2d 1463 (5th Cir. October 16, 1989). These

---

[2] R&R, p. 22-28, Doc. 11.
[3] *Id.*
[4] *Id.*, p. 28.

cases are distinguishable and irrelevant as they deal with remands for the taking of "new evidence" that would be material to the period for which benefits were denied, thus it would require a re-evaluation of the disability findings in light of new evidence developed subsequent to the Commissioner's final decision.

Here, the Court did not make an independent factual finding, but noted Dine's date of birth and age, which is contained in the SSA's administrative record, and applied the legal conclusion directed by the listings in Appendix 2. Dine's age is not a prediction of future events. The Court finds that an acknowledgement of Dine turning 55 during the pendency of his claim is not considered a previous claim or a subsequent claim. The remand recommended by the Magistrate Judge would only be for an award of benefits to which Dine became entitled at age 55.

The Court finds that acknowledging the change in Dine's age during the pendency of the review in this case and applying the ALJ's findings as to Dine's ability to work, is reasonable and efficient. To do otherwise would require Dine to file a new application and more likely than not, wait another two (2) years or more to receive his DIB. Compare *Tocco v. Comm's of Social Security*, 2022 WL 3362863, at *1 (M.D. Fla. 2022), *report and recommendation adopted*, 2022 WL 3357665 (M.D. Fla. 2022); *McQueen v. Apfel*, 168 F.3d 152 (5th Cir. 1999); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). Accordingly,

For the reasons contained in the R&R previously filed herein, and after an independent (*de novo*) review of the record including the objections filed herein, and

having determined that the findings and recommendations are correct under the applicable law;

**IT IS ORDERED** that Dine's appeal is **GRANTED** in part, the final decision of the Commissioner of Social Security is **VACATED**, and Dine's case is **REMANDED** to the Commissioner for an award and computation of DIB from July 4, 2020, pursuant to Rule 202.02.

**THUS DONE AND SIGNED** in Chambers on this 7th day of December, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**